### KERR HDW CO v CHERRINGTON

Ohio Appeals, 4th Dist, Gallia Co.
Decided Nov 10, 1930

Wooley & Rowland, Athens, for Hdw. Co.
Hollis C. Johnston, Gallipolis, for Cherrington.

BLOSSER, J.

Whether or not error has been commit-

ted depends upon a construction of the statutes with reference to the duties of an assignee for the benefit of creditors. The probate court has exclusive jurisdiction over an assignee for the benefit of creditors of an insolvent debtor. 10492 GC, provides:

"The probate court shall have exclusive jurisdiction: ***

To qualify assignees and appoint and qualify trustees and commissioners of insolvent debtors, control their conduct and settle their accounts."

"Where an insolvent or failing debtor makes a general assignment of all the debtor's property to an assignee, in trust, for the use and benefit of all the creditors of the insolvent, and the deed of assignment is filed in the probate court of the proper county, and the assignee has qualified and is proceeding to administer the trust, the probate court acquires exclusive jurisdiction of the subject matter of the assignment, and has full power to hear and determine all questions properly arising."

Farewell & Co. v. Products Co., 11 O. C. C. 100.

The petition discloses that the assignee subjected himself to the jurisdiction of the probate court and that he sought and obtained an order of sale of the personal property in question. While he advertised the property for sale and offered it at public auction the petition does not disclose that the sale was reported to the probate court nor that the probate court confirmed the same. 11121 GC provides for the return and confirmation of sales of real estate and personal property and that if the court is satisfied that the sale has been legally made the court shall confirm the same. The assignee being under the control of the probate court there could be no sale of the property in question until the assignee's action had been reported to and confirmed by the court.

Jurisdiction is defined as the power to hear and determine a cause. A court having attempted to set in motion the machinery of the law has jurisdiction over the subject matter.

"An examination of the assignment law from the time of its first enactment in 1859 to the present, with a single exception, shows a constant enlargement of the powers of the probate court, and a seeming intention to confer ample jurisditcion to do everything necessary to render complete justice to all interested parties."

3 O Jur, 387.

"The provisions of the Insolvent Debtors' Act regulating assignments for the benefit of creditors shows clearly that the legislature intended to vest in the probate court full and complete jurisdiction over the whole subject of assignments of this character. The rule is that in every case of an assignment which on its face is a general assignment by an insolvent or failing debtor of all his property to an asignee in trust for the use and benefit of all of the creditors of the debtor, and the deed of assignment is filed in the proper probate court and the trust being administered and carried into effect in that court for the benefit of all the creditors, in accordance with the provisions of law, the probate court is possessed of exclusive jurisdiction, and is clothed with full power and right to hear and determine all questions properly arising. The probate court having obtained jurisdiction of an assignment for the benefit of creditors is obviously vested with full and exclusive jurisdiction of all matters arising in the administration of the estate. It is clothed with jurisdiction to determine all questions, legal and equitable, that are incidental and necessary to enfroce a proper and just administration of an assignment for the benefit of creditors. ** That the jurisdiction thus acquired is exclusive of that of all other courts has been based on the rule that where a court of competent jurisdiction has acquired possession of the subject matter of the litigation and the right of the party to prosecute his action has once attached, the right of the court to retain the case, and of the party to prosecute it, can not be defeated by the institution of proceedings in another court, altho of concurrent and co-ordinate jurisdiction."

3 O Jur, 388, etc.

The above quotations from Ohio Jurisprudence are amply supported by the authorities therein cited.

The probate court having obtained jurisdiction over the assignee and of the subject matter of the sale, we are of the opinion that the plaintiff acquired no right or title by reason of his bidding on the personal property in question as there was no confirmation of the sale and the whole

subject matter was still under the control of the probate court. The probate court had exclusive jurisdiction, and the petition fails to show that the common pleas court had jurisdiction to entertain the case and therefore is not sufficient.

There was no error by the trial court in sustaining the demurrer to the petition and the judgment is affirmed.

Middleton, PJ, and Mauck, J, concur.